UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No. 16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| DEBORAH J. CARUSO, the CHAPTER 7 TRUSTEE for ITT EDUCATIONAL SERVICES, INC., ESI SERVICE CORP. and DANIEL WEBSTER COLLEGE, INC., | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 18-50100 |
| vs. | ) | |
| | ) | |
| KEVIN MODANY, JOHN E. DEAN, C. DAVID BROWN II, JOANNA T. LAU, THOMAS I. MORGAN, JOHN VINCENT WEBER, JOHN F. COZZI, SAMUEL L. ODLE, and JERRY M. COHEN, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**JOINDER OF KEVIN MODANY TO MOTION BY
FORMER DIRECTORS TO WITHDRAW THE REFERENCE**

Comes now Kevin M. Modany, by and through his undersigned counsel, to join the Motion by Former Directors[2] to Withdraw the Reference [Doc. No 44] (the "Motion"), filed with this Court on June 28, 2018, and to reply to the Trustee's Response to Former Directors' Motion to Withdraw the Reference (the "Response") [Doc. No. 49, filed with this Court on July 11, 2018]. In respect thereof, the Movant respectfully submits as follows:

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

[2] Capitalized terms used herein without definition shall have the meanings assigned in the Motion.

DB1/ 98590075.1

## INTRODUCTION

1. Mr. Modany formerly served as Chief Executive Officer of ITT Educational Services, Inc. ("ITT"), a Delaware corporation and a debtor in these chapter 7 cases, and is named as a defendant in the above-captioned adversary proceeding (the "Proceeding").

2. The Former Directors and the Trustee agree that the jury demand and state law nature of the breach of fiduciary duty claims dictate a mandatory withdrawal. Mr. Modany agrees. Like the Former Directors, Mr. Modany does not consent to a jury trial before the Bankruptcy Court. For that reason alone, consistent with S.D. Ind. L.R. B-9015-1(c), this Proceeding must be withdrawn to the District Court.

3. The parties differ, however, as to the appropriate timing of withdrawal: the Former Directors suggest that judicial efficiency is promoted by having a single court "preside over the litigation from start to finish," *Motion at* 7, while the Trustee asserts that the Proceeding should remain before the Bankruptcy Court until it is trial ready. *Response* at 2. For the reasons set forth herein and in the Motion, Mr. Modany agrees with the Former Directors' view. Mr. Modany thus hereby requests that the District Court promptly withdraw the reference to the Proceeding in all respects.

## FACTORS SUPPORTING A PERMISSIVE WITHDRAWAL FAVOR THE PROMPT WITHDRAWAL OF THIS MATTER

4. In addition to the mandatory bases for withdrawal discussed in the Motion, district courts may exercise their discretion to withdraw the reference "for cause shown." 11 U.S.C. § 157(d). Factors considered in the determination of cause may include: (i) judicial economy, (ii) promotion of uniformity and efficiency in bankruptcy administration, (iii) reduction of forum shopping, delay and costs to the parties, (iv) the court's familiarity with the case, and (v) whether the adversary proceeding is core or non-core. *Coe–Truman*

DB1/ 98590075.1

*Techs. v. United States Gov't (In re Coe–Truman Techs.)*, 214 B.R. 183, 187 (N.D. Ill. 1997). Several of those factors are present here, and militate in favor of an immediate withdrawal of the reference.

5. <u>The primary causes of action are non-core.</u> The crux of this Proceeding is a state law fiduciary duty lawsuit, with a single claim for bankruptcy relief appended to it. Thus, the District Court is the natural forum for this action. Although a portion of the Proceeding relates to bankruptcy law because the Complaint includes a request for subordination of Mr. Modany's claim under section 510 of the Bankruptcy Code, *see Response* at 2, that relief could not appropriately be considered until after a determination of the non-core fiduciary duty claims, which are wholly unrelated to federal bankruptcy law. Thus, in evaluating the claims and defenses asserted in this case, the Court will interpret and apply primarily state law.

6. <u>Prompt withdrawal will not cause undue delay or cost.</u> The Trustee's complaint was filed on May 31, 2018. The defendants have not yet answered the Complaint, nor has any dispositive motion been filed. Given the minimal activity in the Proceeding to date before the Bankruptcy Court, and the District Court's familiarity with the recently resolved SEC litigation, immediate withdrawal of the reference will best serve the parties' and the Court's interests in an expeditious and conclusive resolution to this matter.

7. <u>Judicial economy favors prompt withdrawal, and withdrawal will not impede uniformity of the administration of the bankruptcy estates.</u> Having the District Court resolve the legal issues in the Proceeding poses no threat to the uniformity of the administration of these chapter 7 cases. As discussed in the Motion, the Bankruptcy Court cannot enter a final order on the state law claims set forth in the Complaint, and any findings of fact and conclusions of law will require the de novo review of the District Court. *Motion* at 6-7. Here, the Bankruptcy Court

can continue to administer the bankruptcy estates while these matters proceed before the District Court.

8. <u>The District Court is familiar with the facts underlying the Proceeding.</u> In May 2015, the Securities and Exchange Commission filed suit before this Court against ITT, Mr. Modany and Kevin Fitzpatrick, the former chief financial officer of ITT. *See generally*, SEC v. ITT Educational Services Inc. *et al.*, case no. 15-00758. That suit was before the District Court for over three years, during which the District Court heard motion practice and discovery disputes, and was effectively trial-ready at the time of settlement in early July 2018. Although the Motion was initially assigned to a different District Court judge and magistrate, Local Rule 40-1 provides a mechanism by which a matter arising out of the same transaction or occurrence as a pending case may be reassigned to the judge handling the pending case. *See* S. D. Ind. L.R. 40-1(d), (e) (providing for notification of, discretionary reassignment of related cases). Thus, the Motion, and the Proceeding, may be assigned to a judge and magistrate that are already familiar with the history underlying the facts alleged in the Trustee's Complaint. Even absent such a reassignment, the District Court is well-equipped to manage pre-trial practice in this Proceeding.

## JOINDER

9. For the reasons set forth herein and therein, Mr. Modany joins the Motion seeking the immediate withdrawal of the reference of this matter from the Bankruptcy Court to the District Court.

WHEREFORE, Mr. Modany hereby requests that the District Court enter an order immediately withdrawing the reference of this matter from the Bankruptcy Court to the District Court in all respects.

Dated: July 23, 2018

                         Respectfully submitted,

                         **ICE MILLER LLP**

                         */s/ Philip A. Whistler*
                         Philip A. Whistler
                         Thomas E. Mixdorf
                         Jeffrey A. Hokanson
                         John C. Cannizzaro
                         One American Square
                         Indianapolis, Indiana 46282
                         Telephone: (317) 236-2349
                         Email: philip.whistler@icemiller.com
                                   thomas.mixdorf@icemiller.com
                                   jeff.hokanson@icemiller.com
                                   john.cannizzaro@icemiller.com

                         **MORGAN, LEWIS & BOCKIUS LLP**

                         John C. Goodchild, III (*pro hac vice motion* to follow)
                         Rachel Jaffe Mauceri (*pro hac vice* pending)
                         1701 Market Street
                         Philadelphia, Pennsylvania 19103
                         Telephone: (215) 963-5000
                         Facsimile: (215) 963-5001
                         Email: john.goodchild@morganlewis.com
                                   rachel.mauceri@morganlewis.com

                         Matthew C. Ziegler (*pro hac vice motion* to follow)
                         Elaine V. Fenna (*pro hac vice* pending)
                         101 Park Avenue
                         New York, New York 10178
                         Telephone: (212) 309-6000
                         Facsimile: (212) 309-6001
                         Email: matthew.ziegler@morganlewis.com
                                   elaine.fenna@morganlewis.com

                         *Counsel to Kevin M. Modany*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Richard Allyn
rallyn@robinskaplan.com

Thomas Berndt
tberndt@robinskaplan.com
jgerboth@robinskaplan.com

Michael Anthony Collyard
mcollyard@robinskaplan.com
rhoule@robinskaplan.com

John C. Hoard
johnh@rubin-levin.net
jkrichbaum@rubin-levin.net
atty_jch@trustesolutions.com

Paul D. Vink
pvink@boselaw.com
clindsey@boselaw.com

Carly Kessler
ckessler@robinskaplan.com

Ronald James Schutz
rschutz@robinskaplan.com

Gregory Forrest Hahn
ghahn@boselaw.com
jmcneeley@boselaw.com

Vilda Samuel Laurin, III
slaurin@boselaw.com

James P. Moloy
jmoloy@boselaw.com
dlingenfelter@boselaw.com
mwakefield@boselaw.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

/s/ Philip A. Whistler

DB1/ 98590075.1