UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No. 16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| DEBORAH J. CARUSO, the CHAPTER 7 TRUSTEE for ITT EDUCATIONAL SERVICES, INC., ESI SERVICE CORP. and DANIEL WEBSTER COLLEGE, INC., | ) ) ) ) ) | |
| Plaintiff, | ) | Adversary Proceeding No. 18-50100 |
| vs. | ) | |
| KEVIN MODANY, JOHN E. DEAN, C. DAVID BROWN II, JOANNA T. LAU, THOMAS I. MORGAN, JOHN VINCENT WEBER, JOHN F. COZZI, SAMUEL L. ODLE, and JERRY M. COHEN, | ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY TO TRUSTEE'S RESPONSE TO FORMER DIRECTORS'**
**MOTION TO WITHDRAW THE REFERENCE**

Come now John E. Dean, C. David Brown II, Joanna T. Lau, Thomas I. Morgan, John Vincent Weber, John F. Cozzi, Samuel L. Odle, and Jerry M. Cohen (the "Former Directors"), by counsel, and for their Reply to Trustee's Response to Former Directors' Motion to Withdraw the Reference, respectfully state as follows:

1. On June 28, 2018, the Former Directors filed their Motion to Withdraw the Reference pursuant to 28 U.S.C. § 157(d) (the "Motion"). As discussed in the Motion, the

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

3466027.3 (27062-3)

factors that district courts typically consider when deciding whether cause exists to withdraw reference of an adversary proceeding support the immediate withdrawal of this proceeding.[2]

2.  On July 11, 2018, Deborah J. Caruso, as Chapter 7 trustee for ITT Educational Services, Inc. and its affiliates (the "Trustee") filed a Response to Former Directors' Motion to Withdraw the Reference (Doc. 49; the "Response").  In her one page Response, the Trustee acknowledges that her breach of fiduciary duty claims will be withdrawn and adjudicated in the District Court.  However, the Trustee contends that withdrawal should be delayed and that all pretrial proceedings should be conducted by the Bankruptcy Court in order to "avoid duplicative discovery and motions, and [to] promote judicial efficiency."  (Doc. 49 at 2).  Aside from this conclusory statement, the Trustee's Response fails to address any of the applicable factors, case law or arguments made by the Former Directors in their Motion.

3.  Initially, the Trustee appears to misconstrue the Motion as being based solely on the Trustee's jury demand.  In fact, the Motion examines all of the relevant factors for determining cause under 28 U.S.C. § 157(d), and explains why cause exists to immediately withdraw this action even if the Trustee had not demanded a jury trial.

4.  As discussed in the Motion, in considering whether to withdraw the reference, "the most important factor is whether a proceeding is core or non-core, as efficiency, uniformity and judicial economy concerns are largely subsumed within it." *In re K&R Express Systems, Inc.*, 382 B.R. 443, 446 (N.D. Ill 2007), *citing In re Conseco Finance Corp.*, 324 B.R. 50, 53 (N.D. Ill. 2005).  The Trustee does not dispute that her breach of fiduciary duty claims against the Former Directors and Mr. Modany seeking $250 million in damages are non-core claims

---

[2] The relevant factors include: (1) whether a party has demanded a jury trial; (2) whether the bankruptcy court has the authority to enter final judgment on the claims at issue (core vs. non-core); (3) considerations of judicial economy and the particular court's knowledge of the facts; (4) the avoidance of forum shopping; (5) promoting the uniform administration of the bankruptcy code; and (6) conservation of resources. *See, e.g., In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *In re K&R Express Systems, Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007).

arising under state law and only marginally related to the bankruptcy case. The Trustee's non-core claims have nothing to do with bankruptcy law, and will ultimately be decided in the District Court. Thus, the "most important factor" supports the immediate withdrawal of this action to the District Court.

5.      Notwithstanding that the Trustee's breach of fiduciary duty claims are non-core and will be decided in District Court, the Trustee contends that her relatively de minimis equitable subordination claim against Mr. Modany is sufficient reason to delay withdrawal and conduct all pretrial proceedings in the Bankruptcy Court.[3] The procedure advocated by the Trustee would be allowing the proverbial tail to wag the dog, as the equitable subordination claim is subsumed within and dependent on the outcome of the predominant non-core claims. The District Court has jurisdiction under 28 U.S.C. § 1334(b) to decide both the equitable subordination claim and the breach of fiduciary duty claims, and considerations of judicial economy dictate that all of the Trustee's claims be decided by the District Court. *See In re K & R Express Systems, Inc.*, 383 B.R. 443 at 448-49 (holding that all of the trustee's claims should be tried in one forum – the district court – to avoid confusions and promote judicial economy). This approach is particularly appropriate here, given the Trustee's acknowledgement that the equitable subordination claim is intertwined with and based on the same alleged facts as the breach of fiduciary duty claims.

6.      Judicial efficiency favors the immediate withdrawal of the reference so that a single forum – the District Court that will ultimately adjudicate the matter – presides over the

---

[3] The Trustee's equitable subordination claim against Mr. Modany seeks to subordinate his severance claims against ITT to the claims of other unsecured creditors, and is trivial in the context of the Trustee's other claims. As stated in the Trustee's Complaint, Mr. Modany filed a proof of claim for $5,008,199.00, or alternatively, not less than $3,360,199.00. Assuming a 5% distribution to unsecured creditors in the ITT bankruptcy case, then the dollar amount at issue on the Trustee's equitable subordination claim is between $168,000.00 and $250,000.00. If the distribution is 10%, the dollar amount at issue on the Trustee's equitable subordination claim is between $336,000.00 and $500,000.00. In contrast, the Trustee seeks to recover $250 million in damages on her non-core breach of fiduciary duty claims.

action from the beginning. *See Abrams v. DLA Piper (US) LLP*, 2012 WL 13042026 *1 (N.D. Ind. 2012) (withdrawal of the reference at an early stage will promote judicial economy and efficient pretrial case management), *citing Wellman Thermal Sys. Corp. v. Columbia Gas. Co.*, 2005 WL 4880619 at *3 (S.D. Ind. 2005) ("Certain efficiencies would be lost were the bankruptcy court to proceed with pretrial matters; the district court would not gain a valuable familiarity with the case that could assist it leading up to and through trial.").

    7.    For all of the above reasons, and for those additional reasons stated in the Motion, cause exists for the District Court to withdraw the reference of this proceeding at this time.

    Respectfully submitted,

/s/ *James P. Moloy*
Gregory F. Hahn, Attorney No. 10547-49
V. Samuel Laurin, Attorney No. 11607-53
James P. Moloy, Attorney No. 10301-49
Paul D. Vink, Attorney No. 23783-32
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana  46204
(317)  684-5000
(317)  684-5173 (FAX)
ghahn@boselaw.com
slaurin@boselaw.com
jmoloy@boselaw.com
pvink@boselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Richard Allyn<br>rallyn@robinskaplan.com | Jeffrey A. Hokanson<br>jeff.hokanson@icemiller.com<br>kathy.peed@icemiller.com |
| Thomas Berndt<br>tberndt@robinskaplan.com<br>jgerboth@robinskaplan.com | Carly Kessler<br>ckessler@robinskaplan.com |
| John Cannizzaro<br>john.cannizzaro@icemiller.com<br>deborah.martin@icemiller.com | Ronald James Schutz<br>rschutz@robinskaplan.com |
| | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| Michael Anthony Collyard<br>mcollyard@robinskaplan.com<br>rhoule@robinskaplan.com | Philip A. Whistler<br>philip.whistler@icemiller.com<br>carla.persons@icemiller.com |
| Elaine Victoria Fenna<br>elaine.fenna@morganlewis.com | |
| John C. Hoard<br>johnh@rubin-levin.net<br>jkrichbaum@rubin-levin.net<br>atty_jch@trustesolutions.com | |

I further certify that on the 24th day of July, 2018, a copy of the foregoing was mailed by first-class United States mail, postage prepaid, and properly addressed to the following:

None

/s/  *James P. Moloy*
James P. Moloy