## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:<br><br>ITT EDUCATIONAL SERVICES, INC., *et al.*,<br><br>               Debtors.<br>_____<br><br>DEBORAH J. CARUSO, the CHAPTER 7 TRUSTEE for ITT EDUCATIONAL SERVICES, INC., ESI SERVICE CORP. and DANIEL WEBSTER COLLEGE, INC.,<br><br>               Plaintiff,<br>   vs.<br><br>KEVIN MODANY, JOHN E. DEAN, C. DAVID BROWN II, JOANNA T. LAU, THOMAS I. MORGAN, JOHN VINCENT WEBER, JOHN F. COZZI, SAMUEL L. ODLE, and JERRY M. COHEN,<br><br>               Defendants. | Case No. 16-07207-JMC-7A<br><br>Jointly Administered<br><br><br><br>Adversary Proceeding No. 18-50100 |

**<u>DEFENDANT KEVIN MODANY'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF HIS
MOTION TO DISMISS THE ADVERSARY COMPLAINT</u>**

# **TABLE OF CONTENTS**

I.     The Motion to Dismiss Relies on the Correct Pleading Standard ...................................... 1

II.    The Trustee Fails to Address Other Deficiencies in the Complaint .................................. 3

III.   The ED Complaint Further Undermines the Adversary Complaint .................................. 6

IV.    Conclusion ........................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boles v. Filipowski* (In re Enivid, Inc.)
  345 B.R. 426 (Bankr. D. Mass. 2006). ...................................................................................2, 3

*Car Carriers, Inc. v. Ford Motor Co.*
  745 F.2d 1101 (7th Cir. 1984) ...................................................................................................2

*Law v. Siegel*
  571 U.S. 415 (2014) ..................................................................................................................6

*Munson v. Gaetz*,
  673 F.3d 630 (7th Cir. 2012) .....................................................................................................2

*Tellabs Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ...................................................................................................................4

*In re UAL Corp.*,
  412 F.3d 775 (7th Cir. 2005) .....................................................................................................6

**Statutes**

11 U.S.C. § 105(a) ..........................................................................................................................6

**Other Authorities**

Ct. Ch. R. 23.1 .................................................................................................................................2

Fed. R. of Bankr. P. 7012(b) ..........................................................................................................1

Fed. R. Civ. P. 8 .........................................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................1

Fed. R. Evid. 201(b) .......................................................................................................................4

The Trustee's Complaint does not state claims for breach of fiduciary duty under even the liberal standard set forth in Fed. R. Civ. P. 8. The Trustee's reiteration of the Complaint in her Brief in Opposition to Kevin Modany's Motion to Dismiss (the "Response") [Doc. No. 74] neither remedies this infirmity nor addresses the allegations set forth in the Adversary Complaint[1] that are contradicted by the exhibits attached thereto. While the Court may draw all reasonable inferences from the Trustee's assertions, these inferences must be drawn from something more than speculation. The Complaint and the Response are also contradicted by the narrative set forth in the Trustee's recently filed complaint, titled *Caruso v. U.S. Dept. of Education* (In re ITT Educational Serv. Inc., et al), Case No. 16-07207-JMC-7A ("ED Complaint"), which lays the blame for ITT's demise squarely at the feet of the Education Department, not Modany. For the foregoing reasons, and as further set forth herein, Defendant Kevin Modany ("Modany"), by and through his undersigned counsel, respectfully files this Reply Memorandum in Further Support of his Motion to Dismiss the Adversary Complaint [Doc. No .68] (the "Motion to Dismiss"), pursuant to Federal Rule of Civil Procedure 12(b)(6), incorporated by Federal Rule of Bankruptcy Procedure 7012(b) ("Rule 12(b)(6)").[2]

**I.     The Motion to Dismiss Relies on the Correct Pleading Standard**.

The Response asserts that the Motion to Dismiss has relied on the wrong standard for evaluating whether Trustee sufficiently pleaded breaches of fiduciary duty. This is not the case. The Motion to Dismiss expressly acknowledges that the standard for determining whether the Trustee adequately pleaded breaches of fiduciary duty is the notice pleading standard under Fed.

---

[1] *See* Adversary Complaint, Dkt. 2562, ("Complaint") filed by Deborah J. Caruso (the "Trustee" or the "Plaintiff"), as trustee of the chapter 7 estate of ITT Corp. ("ITT") against Modany and certain members of ITT's board of directors (the "Directors," and collectively with Modany, the "Defendants").

[2] As discussed in the Motion to Dismiss (Motion at 2), the Trustee never identifies the Debtors on whose behalf she has filed the Complaint. Modany was CEO of ITT Educational Services, Inc., a Delaware corporation, and the Complaint appears to relate only to this entity. To the extent the Trustee is suing on behalf of ESI Service Corp., and Daniel Webster College, Inc., the Complaint should be dismissed.

R. Civ. Pro. 8(a). (Motion at 3.) Even under this standard, however, the Complaint fails to plead factual content allowing this Court to draw the reasonable inference that Modany is liable for the misconduct alleged. Rather, the Trustee's Complaint consists of cherry-picked quotes from a handful of emails that the Trustee declined to attach to the Complaint.[3] From these few quotes, the Trustee extrapolates a conspiracy of misconduct helmed by Modany. The drawing of reasonable inferences does not require the Court to entirely suspend judgment. *See Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (A court "must determine whether the factual allegations plausibly suggest an entitlement to relief …. to a degree that rises above the speculative level …. [this] determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1110 (7th Cir. 1984) ("In considering a motion to dismiss, the court is not required to don blinders….").

In particular, the Response suggests that the Motion to Dismiss relies on an artificially narrow definition of a breach of fiduciary duty, and ignores the duty to act in good faith. (Response at 15-16.) The Motion to Dismiss expressly addresses the duty of good faith, and the Trustee's failure to assert a claim for breach thereof. (Motion to Dismiss at 4 (describing duty), 22-25 (discussing Trustee's failure to state a claim)). The Trustee's argument that Modany's entrenchment motive caused him to breach the duty of good faith relies principally on *Boles v. Filipowski* (In re Enivid, Inc.) 345 B.R. 426 (Bankr. D. Mass. 2006). In *Enivid*, however, the Court found that the Trustee had pled sufficient facts in the underlying complaint to illustrate that the CEO was acting *contrary to the clear wishes* of his Board of Directors, who consistently

---

[3] Certain of the cases cited in the Motion to Dismiss discuss derivative actions under Delaware law that are subject to a heightened pleading standard under Delaware Chancery Court Rule 23.1. Although the causes of action before this Court are not derivative, the nature of the claims is analogous – as evident in the cases cited. In any event, the Rule 23.1 standard is a red herring, as the Trustee's claims fall short of even the liberal standard set forth in Fed. R. Civ. P. 8.

2

questioned the value of the acquisition strategy. *See*, *e.g.*, *In re Enivid*, 345 B.R. at 445 ("[T]he Plaintiff reproduced numerous e-mails in which members of Filipowski's own management team questioned the value of the acquisition targets, the Company's ability to absorb the acquired companies and the direction of the Company in light of its worsening cash position."). Additionally, the Court in *Enivid* focused on the CEO's alleged concealment of material information from the Board. *Id.* at 444-45 (discussing the failure to disclose internal disagreements regarding strategy, as well as material facts regarding potential transactions).

The Trustee has made no such concealment allegations against Mr. Modany. Nor does the Complaint allege internal division among ITT principals. The Response is similarly silent in both respects. Rather, the Trustee's Response merely reasserts the allegations made in the Complaint. (Response at 3-8, 14-17.) Simply repeating the allegations does not make them any less deficient. As discussed in the Motion to Dismiss, mere entrenchment, on its face, does not state a claim for breach of good faith. (Motion to Dismiss at 24-25)

Nor does the Complaint show that Modany failed to consider any proposed transaction in violation of his fiduciary duties. (Response at 4-6, discussing various proposals.) Because the Court cannot reasonably draw the inferences the Complaint implies, the Complaint must be dismissed.

## II.   The Trustee Fails to Address Other Deficiencies in the Complaint

The Motion to Dismiss highlights several factual infirmities in the Complaint, including instances in which the allegations set forth in the Complaint are contradicted by the exhibits attached thereto. The Response does not address these shortcomings.

### a. *Trustee Has Not Pled Insolvency*

At the heart of the Complaint is the Trustee's conviction that the June 30, 2016 earnings report indicated that ITT was insolvent. (Compl. at ¶ 44.) The Response doubles down on this

3

assertion. (Response at 22.) But the Trustee's own exhibits do not support those allegations. This Court may consider those exhibits in determining the Motion to Dismiss. *See* Fed. R. Evid. 201(b); *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that, on a motion to dismiss, courts may consider documents incorporated into the complaint by reference, and matters of which a court may take judicial notice, such as public records.). The Complaint references ITT's Form 10-Q for the period ending March 30, 2016 for the purpose of indicating that shareholder equity in excess of $108 million and cash and cash equivalents in excess of $162 million. (Compl. at ¶2). The Trustee asserts that ITT's financial condition had so deteriorated in a few months that by June 30, 2016, the Company was insolvent. But ITT's earnings for the period ended June 30, 2016, which ITT as a publicly-held company filed with the Securities and Exchange Commission, also indicated positive shareholder equity and included ITT's cash position, a condition the Trustee admits that Modany was trying to preserve. (Compl. at ¶44.) Because these filings were mentioned in the Complaint, this Court may consider them even though they were not attached. *See* Fed. R. Evid. 201(b); *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the Complaint attaches an August 25, 2016 letter from the Department of Education (which quotes an August 17, 2016 letter from ACICS) indicating that ITT had a positive assets-to-liabilities ratio. (Compl. at ¶22.) The materials before the Court on this point contradict.

      *b. The Complaint Suggests that Modany had a Duty to Agree to Admit Fraud*

Mr. Modany's fiduciary duties did not include agreeing to admit to unfounded claims of fraud in order to preserve ITT. The Complaint twice suggests that Modany should have admitted to fraud. *See Compl.* at 28 ("However, it was not in Modany's own personal interests to either step down or ***admit to any fraud*** or other misconduct – even though ***doing so was clearly in***

4

*ITT's best interest*.") and 29 ("So, rather than stepping down, ***admitting to fraud***, or addressing other issues identified in ACICS's Show-Cause Letter like the need for a comprehensive teach-out agreement, Modany downplayed the risk of de-accreditation ...."). Having neither pleaded fraud, shown fraud, nor provided any basis for the suggestion that Modany's fiduciary duties required him to admit fraud (Motion at 17-18), the Response now backtracks on this assertion: "The Complaint, however, does not allege that Modany had a duty to admit to fraud, but merely to recuse himself from considering the transaction and, at a minimum, not affirmatively recommend the Board reject it." (Response at 14.) The Trustee's retreat is belied by the Complaint, and any claim that Modany's determination not to admit to fraud somehow constituted a breach of his duties must be disregarded.

        *c. The Complaint Shows that Modany took Action to Satisfy the Demands of ACICS and the ED*

Notwithstanding the Trustee's assertions to the contrary, the Complaint also shows that Modany took action in response to the ACICS demands and the demand from the ED for increased surety. *See Response* at 17 ("There was no justification for refusing ACIC's and ED's demands – even Modany's brief does not offer one.") The Trustee admits that ITT "figured out a way to pay the surety" demanded by the ED in June 2016. (Motion at 8). In addition, the ED's August 25, 2016 letter, attached to the Complaint, acknowledged that Modany had taken action in response to the ACICS demands. *Ex. C to Complaint* (noting that, as of August 4, 2016, ACICS "no longer expresse[d] concerns about the quality of instructional materials or development and submission of a teach-out plan.")[4]

---

[4] The Complaint itself contradicts any conclusion that Modany failed to act in good faith. Trustee invites additional evidence from Modany, suggesting that "there was no justification for refusing ACIC's and ED's demands – *even Modany's brief does not offer one*." (Response at 17.) Modany need not – indeed, may not – introduce further evidence on a Motion to Dismiss.

5

     *d. The Complaint Fails to State a Claim for Equitable Subordination*

  The Trustee bases her equitable subordination claim entirely on her breach of fiduciary duty claim. To the extent the Complaint fails to withstand a Motion to Dismiss on the breach claims, the equitable subordination claim consequently must fall. (Motion, 26-28). In addition, section 105(a) of the Bankruptcy Code is not available as an alternative to section 510(c) here. Section 105(a) is an enabling provision, not a source of substantive authority for the Bankruptcy Court to equitably subordinate a claim. *In re UAL Corp.*, 412 F.3d 775, 778 (7th Cir. 2005) ("11 U.S.C. § 105(a) … is a means to enforce the Code rather than an independent source). Trustee does not – and cannot – cite any case where a Court has "alternatively" used section 105(a) to equitably subordinate a claim where the requirements of section 510(c) are not met. *See Law v. Siegel*, 571 U.S. 415, 421 (2014). It is not an available basis for alternative authority here.

**III. The ED Complaint Further Undermines the Adversary Complaint**

  After Modany filed his Motion to Dismiss, Trustee filed the ED Complaint, which is a complete turnabout, shifting the blame for ITT's bankruptcy from Modany to the Department of Education. Although the Trustee is permitted to plead alternative theories of liability, the facts, as asserted in the ED Complaint, completely undermine the Trustee's theory of liability against Modany. In the Complaint, Trustee contends that at the time that ITT increased its surety with the Department of Education, "Dean and Modany … knew that ITT's death spiral was gaining ineluctable momentum." (Compl. at ¶48). Yet in the ED Complaint, Plaintiff pleads that "[u]pon information and belief, ITT only agreed to make the July 2016 payment to the ED's Escrow Account on the assumption that in doing so it would remain eligible to receive Title IV funds for the 2016-2017 academic year." (ED Compl. at ¶21). Far from knowing that ITT would be shut down, Trustee admits that ITT believed it could continue operating if it complied with the ED's demands – facts that the Trustee conveniently omitted from the Complaint. As the Trustee has

6

now acknowledged in the ED Complaint, ITT closed abruptly after the ED made an unexpected and unprecedented second demand, in contradiction of its representation to ITT.  (ED Compl. at ¶21-22).

It was the sudden disappearance of ED funding, and not any act by Modany, that caused ITT's shutdown and liquidation.  Having knowingly obscured this fact in the Complaint, the Trustee should not now be permitted to assert that Modany's actions caused ITT's shutdown. Because the Trustee cannot prove facts to support a claim in the face of the ED Complaint, the Complaint should be dismissed.

**IV.    Conclusion**

The Complaint and the Response to the Motion to Dismiss are an echo chamber of unsupported, and unsupportable, conclusions that are contradicted by the Trustee's own exhibits and her subsequent complaint against the Department of Education.  This Court should dismiss the Complaint in its entirety.

Dated:  November 2, 2018

        Respectfully submitted,


        /s/ Jeffrey A. Hokanson
        Jeff Hokanson, Attorney No. 14579-49
        **ICE MILLER LLP**
        One American Square, Suite 2900
        Indianapolis, IN 46282-0200
        Telephone: (317) 236-2100
        Facsimile: (317) 236-2219
        Email: jeff.hokanson@icemiller.com

        John Cannizzaro
        Arena District, 250 West Street, Suite 700
        Columbus, OH 43215-7509
        Telephone: (614) 462-2700
        Facsimile: (614) 462-5135
        Email: john.cannizzaro@icemiller.com

        **MORGAN, LEWIS & BOCKIUS LLP**
        John C. Goodchild, III (pro hac vice)
        Rachel Jaffe Mauceri (pro hac vice)
        1701 Market Street
        Philadelphia, Pennsylvania 19103
        Telephone: (215) 963-5000
        Facsimile: (215) 963-5001
        Email: john.goodchild@morganlewis.com
              rachel.mauceri@morganlewis.com

        Elaine V. Fenna (pro hac vice)
        101 Park Avenue
        New York, New York 10178
        Telephone: (212) 309-6000
        Facsimile: (212) 309-6001
        Email: elaine.fenna@morganlewis.com

        *Counsel to Kevin M. Modany*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2018, a copy of the foregoing Modany's Reply Memorandum in Further Support of his Motion to Dismiss the Adversary Complaint was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Filing System. Party/parties may access this filing through the Court's system.

| | |
|---|---|
| Richard Allyn | rallyn@robinskaplan.com |
| Thomas Berndt | tberndt@robinskaplan.com, jgerboth@robinskaplan.com |
| John Cannizzaro | john.cannizzaro@icemiller.com, Deborah.Martin@icemiller.com |
| Michael Anthony Collyard | mcollyard@robinskaplan.com, rhoule@robinskaplan.com |
| Elaine Victoria Fenna | elaine.fenna@morganlewis.com |
| John C Goodchild | john.goodchild@morganlewis.com |
| Gregory Forrest Hahn | ghahn@boselaw.com, jmcneeley@boselaw.com |
| John C. Hoard | johnh@rubin-levin.net, jkrichbaum@rubin-levin.net; atty_jch@trustesolutions.com; sturpin@rubin-levin.net |
| Jeffrey A Hokanson | jeff.hokanson@icemiller.com, Kathy.peed@icemiller.com |
| Carly Kessler | ckessler@robinskaplan.com |
| Vilda Samuel Laurin | slaurin@boselaw.com |
| Rachel Jaffe Mauceri | rachel.mauceri@morganlewis.com |
| James P Moloy | jmoloy@boselaw.com, dlingenfelter@boselaw.com, mwakefield@boselaw.com |
| Ronald James Schutz | rschutz@robinskaplan.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Paul D. Vink | pvink@boselaw.com, clindsey@boselaw.com |

I further certify that on the November 2, 2018, a copy of the foregoing Modany's Reply Memorandum in Further Support of his Motion to Dismiss the Adversary Complaint was mailed by first-class United States mail, postage prepaid, and properly addressed to the following:

None.

   /s/ Jeffrey A. Hokanson
   Jefferey A. Hokanson