UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH CARUSO the Chapter 7 Trustee for ITT Educational Services Inc., ESI Service Corp., and Daniel Webster College, Inc., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:18-cv-02182-JPH-TAB |
| KEVIN MODANY, JOHN E. DEAN, C. DAVID BROWN II, JOANNA T. LAU, THOMAS I. MORGAN, JOHN VINCENT WEBER, JOHN F. COZZI, SAMUEL L. ODLE, JERRY M. COHEN, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO WITHDRAW REFERENCE**

This cause is before the Court on Defendants' Motion to Withdraw the Reference ("Defendants' Motion") (dkts. 1 and 7). For the reasons set forth below, Defendants' Motion is **GRANTED**.

This case arises from the financial collapse of ITT Educational Services, Inc. ("ITT"), a publicly traded, for-profit education provider. *See* Case No. 1:16-bk-7207. Plaintiff has filed an adversary proceeding against Defendants for breach of fiduciary duty and equitable subordination. Adversary Proceeding No. 18-50100, dkt. 3.

1

Defendants seek to withdraw the reference on the basis that not all parties have consented to a jury trial in the bankruptcy court, the bankruptcy court cannot issue a final judgment on the breach-of-fiduciary-duty claim and judicial efficiency.  Dkt. 1 at 3-8.  Plaintiff does not oppose Defendants' Motion for withdrawal of the reference.  Dkt. 2 at 2.

The Court agrees that withdrawal of the reference is appropriate.  The district court has original jurisdiction over all bankruptcy proceedings, 28 U.S.C. § 1334(b) and may withdraw any proceeding from the bankruptcy court "for cause shown."  28 U.S.C. § 157(d); *see also In re Dorner*, 343 F.3d 910, 914 (7th Cir. 2003).  While the statute does not provide specific factors to consider when evaluating whether there is cause for withdrawal, other courts have considered "(1) judicial economy, convenience, and the particular court's knowledge of the facts; (2) the promotion of uniformity and efficiency of bankruptcy administration; (3) the reduction of forum shopping and confusion; (4) conservation of debtor and creditor resources; (5) whether the proceeding is core or non-core; and (6) whether the parties have requested a jury trial." *Levin v. FDIC*, No. 1:11-cv-704, 2012 WL 177392, at *2 (S.D. Ind. Jan. 19, 2012).

Regarding the final factor, a bankruptcy judge may conduct a jury trial only "with the express consent of all the parties."  28 U.S.C. § 157(e).  Thus, "[i]f one of the parties files a jury demand, and all parties do not consent to a jury trial in the bankruptcy court, cause for withdrawal is established."  Laura B. Bartell, *Motions to Withdraw the Reference - An Empirical Study*, 89 Am. Bankr. L.J. 397, 410 (2015) (collecting cases); *see also Wellman Thermal Sys.*

2

*Corp. v. Columbia Cas. Co.*, No. 1:05-cv-1191, 2005 WL 4880619 at *3 (S.D. Ind. Oct. 5, 2005) ("[T]he right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court.") (citing *Matter of Grabill Corp.*, 967 F.2d 1152, 1156 (7th Cir. 1992)). Here, Defendants do not consent to a jury trial before a bankruptcy judge so there is cause to withdraw the reference. Since Plaintiff does not oppose the withdrawal on this ground, evaluation of otherwise potentially relevant factors is unnecessary.

While Plaintiff agrees that withdrawal of the reference is appropriate, she asks for the bankruptcy court to retain jurisdiction over certain pretrial proceedings. Dkt. 2 at 2. In support of this request, Plaintiff points out that the bankruptcy court is already familiar with the equitable-subordination claim, which is a core bankruptcy claim. Defendants object to Plaintiff's request, arguing that the withdrawal and effective transfer to the district court should be complete to include all pretrial matters. Dkt. 6. In support of their position, Defendants argue that judicial economy will be best served if the Court presides over pretrial matters because it will ultimately preside over the trial and issue the final judgment on the equitable-subordination claim. The Court concludes that its taking responsibility for all pretrial matters is the best course of action.

Managing the case in this manner promotes judicial economy, a relevant consideration when deciding whether to withdraw a reference and related issues. *Levin*, 2012 WL 177392, at *2. Allowing the Court to hear all pretrial matters would provide the Court with "valuable familiarity with the case that

3

could assist it leading up to and through trial." *Wellman*, 2005 WL 4880619 at *3. Asking the bankruptcy court to familiarize itself with the issues for all pretrial motions, only to handoff the case when it comes to final adjudication, would result in duplication of work and thus would be an inefficient allocation of judicial resources. Moreover, the bankruptcy court would be required to submit proposed findings of fact and conclusions of law to the district court for final judgment on any proceedings on the equitable-subordination claim. 28 U.S.C. 157(C)(1). Further, partial withdrawal would place the District Court in the position of simultaneously serving as the appellate and trial court over different parts of the same case. *See* 9 Collier on Bankruptcy ¶ 5011.01 (16th 2018) (noting that the practice of "remanding" a case to the bankruptcy court for pretrial matters after withdrawal "should not be countenanced" for this reason).

Finally, while the equitable-subordination claim is a core claim, that alone is not a compelling reason for the District Court to limit the scope of the withdrawal. The Court has jurisdiction over both core and non-core claims, 28 U.S.C. § 1334(b), and, as Plaintiff acknowledges, the equitable-subordination claim is "intertwined with her breach-of-fiduciary-duty claim" and "based on the same facts." Dkt. 2 at 2. Because the Court "will already be familiarizing itself with the facts, issues, and parties," in order to adjudicate the breach-of-fiduciary-duty claims, judicial economy is best served by the District Court taking a holistic approach to the entire case, including the equitable-

4

subordination claims. *See Levin*, 2012 WL 177392, at *3. Accordingly, Plaintiff's request for the bankruptcy court to retain jurisdiction over pretrial matters is denied.

## Conclusion

For the reasons stated above, the Former Directors' motion to withdraw the reference of Adversary Proceeding No. 18-50100 (dkt. 1) is **GRANTED**. The Clerks of the respective courts are directed to effectuate this withdrawal and process this case in the district court under this cause number.

**SO ORDERED.**

Date: 1/7/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Richard B. Allyn
ROBINS, KAPLAN LLP
rallyn@robinskaplan.com

Thomas Berndt
ROBINS KAPLAN LLP
TBerndt@RobinsKaplan.com

John Cannizzaro
ICE MILLER LLP (Columbus)
john.cannizzaro@icemiller.com

Michael Collyard
ROBINS KAPLAN LLP
mcollyard@robinskaplan.com

John C. Goodchild, III
MORGAN LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103

5

Gregory Forrest Hahn
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
ghahn@boselaw.com

John C. Hoard
RUBIN & LEVIN, P.C.
johnh@rubin-levin.net

Jeffrey A. Hokanson
ICE MILLER LLP (Indianapolis)
jeff.hokanson@icemiller.com

Carly Kessler
ROBINS KAPLAN LLP
ckessler@robinskaplan.com

Vilda Samuel Laurin, III
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
slaurin@boselaw.com

James P. Moloy
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
jmoloy@boselaw.com

Ronald James Schutz
ROBINS, KAPLAN LLP
rschutz@robinskaplan.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pvink@boselaw.com